Cody Hoesly, OSB No. 052860
choesly@lvklaw.com
LARKINS VACURA KAYSER LLP
121 SW Morrison Street, Suite 700
Portland, OR  97204
Telephone: (503) 222-4424

Syed S. Ahmad *(to be admitted pro hac vice)*
sahmad@hunton.com
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Ave. NW
Washington, DC 20037
Telephone: (202) 955-1500

Rachel E. Hudgins *(to be admitted pro hac vice)*
rhudgins@hunton.com
HUNTON ANDREWS KURTH LLP
Bank of America Plaza, Suite 4100
600 Peachtree Street NE
Atlanta, GA 303008
Telephone: (404) 888-4100

Counsel for Plaintiffs Bliss Sequoia Insurance & Risk Advisors, Inc. and Huggins Insurance Services, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| BLISS SEQUOIA INSURANCE & RISK ADVISORS, INC.; and HUGGINS INSURANCE SERVICES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, <br><br> Defendant. | Case No. 6:20-cv-00256 <br><br> **COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT** <br><br> **(Jury Trial Demanded)** |

COMPLAINT                                                                                                              Page 1

## I.   INTRODUCTION

1.   Allied Property & Casualty Insurance Company ("Allied") has improperly refused to provide the coverage promised under the insurance policy it issued to Bliss Sequoia Insurance & Risk Advisors, Inc. ("Bliss") and Huggins Insurance Services, Inc. ("Huggins"). Bliss and Huggins are collectively referred to as "Bliss Sequoia."

## II.   PARTIES

2.   Bliss is a corporation organized under Oregon law with its principal place of business in Oregon. It is an in-house insurance agency partner with Huggins and provides human and social service policies, as well as general business insurance.

3.   Huggins is a corporation organized under Oregon law with its principal place of business in Oregon. It is a full-service insurance agency, providing home, auto, health, life, and commercial insurance.

4.   According to the Iowa Secretary of State's website, Allied is a corporation organized under Iowa law with its principal place of business in Iowa.

## III.   JURISDICTION AND VENUE

5.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between Bliss Sequoia and Allied, and the amount in controversy exceeds $75,000, exclusive of interest, attorneys' fees, and costs.

6.   This Court has personal jurisdiction over Allied because Allied transacts business in Oregon, contracts to provide services in Oregon, and solicits insurance business in Oregon.

7.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because the events or omissions giving rise to the claims at issue occurred in this district.

## IV.    BACKGROUND

A.    **The Underlying Claim**

8.    This insurance coverage dispute stems from claims asserted against Bliss Sequoia in a lawsuit pending in Nevada state court (the "Underlying Claim").

9.    In the Underlying Claim, different parties seek to impose liability on Bliss Sequoia because of bodily injury suffered by an individual at a water park owned and operated by Henderson Water Park, LLC dba Cowabunga Bay Water Park ("HWP").

10.    Bliss Sequoia assisted HWP in securing insurance coverage for the water park's operations.

11.    Plaintiffs in the Underlying Claim allege that HWP, among others, caused or contributed to the bodily injury.

12.    Parties to the Underlying Claim filed third-party complaints against Bliss Sequoia, alleging Bliss Sequoia is legally obligated to pay damages because of the bodily injury. Copies of the third-party complaints are attached as Exhibits A, B, and C.

13.    Bliss Sequoia sought a defense and indemnification from Allied for the Underlying Claim under an insurance policy Allied issued to Bliss Sequoia.

B.    **The Allied Policy Provides Coverage for the Underlying Claim**

14.    Allied issued policy number ACP 7544842200 to Bliss Sequoia for the period of December 30, 2014 to December 30, 2015 (the "Policy"). A copy of the Policy is attached as Exhibit D and is bates stamped B00001 to B00131.

15.    The CGL portion of the Policy has a $2,000,000 per occurrence limit and a $4,000,000 general aggregate limit.

16. The Policy contains the following provision:

> We will pay those sums up to the applicable Limit of Insurance that the insured becomes legally obligated to pay as damages **because of** "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for which there is coverage under this policy.

(B00071) (emphasis added).

17. The Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." (BLISS00088).

18. The Policy excludes coverage as follows:

> This insurance, including any duty we have to defend "suits", does not apply to:
>
> * * *
>
> v. Professional Services
>
> "Bodily injury" or "property damage" that arises out of or is a result of the rendering or, or failure to render, any professional service, treatment, advise or instruction. This exclusion includes, but is not limited to, and:
>
> (1) Legal, accounting, insurance, real estate, financial, advertising or consulting service, advise or instruction;
>
> * * *

(B00077).

19. The Policy also excludes coverage as follows:

> This insurance, including any duty we have to defend "suits", does not apply to:
>
> * * *
>
> w. Testing, Evaluation or Consulting
>
> "Bodily injury" or "property damage" arising out of:

//

//

      (1) Any error, omissions, defect or deficiency:

           (a) In any test performed, or any evaluation, consultation or advice given by or on behalf of you or any insured; or

           (b) In experimental data or the insured's interpretation of that data.

      (2) The reporting of or reliance upon any such test, evaluation, consultation or advice.

* * *

(B00078).

**C.    Allied's Wrongful Refusal to Defend and Indemnify Bliss Sequoia**

20.    Bliss Sequoia submitted the Underlying Claim to Allied, seeking coverage under the Policy.

21.    Under the Policy, Allied agreed to pay Bliss Sequoia any sums Bliss Sequoia becomes legally obligated to pay as damages because of bodily injury. Allied also agreed to defend Bliss Sequoia against any suit seeking those damages.

22.    In the Underlying Claim, the parties allege that Bliss Sequoia is legally obligated to pay damages because of bodily injury, and therefore, the Underlying Claim satisfies the requirements in the Policy's insuring agreement.

23.    Some insurance companies limit liability coverage to damages "for 'bodily injury' or 'property damage….'".

24.    Allied decided to not limit liability coverage in the Policy to damages "for 'bodily injury' or 'property damage….'"

//

//

//

25. Nonetheless, Allied refused to provide Bliss Sequoia with a defense or indemnification related to the Underlying Claim, citing, *inter alia*, the above-quoted Policy provisions.

26. Allied's denial and refusal to defend and indemnify Bliss Sequoia was incorrect and unreasonable.

## COUNT I:
## DECLARATORY RELIEF

27. Bliss Sequoia repeats and re-alleges the allegations in the preceding paragraphs.

28. A justiciable controversy exists between Bliss Sequoia and Allied regarding Allied's duty to defend and indemnify Bliss Sequoia in the Underlying Claim.

29. Bliss Sequoia is entitled to a declaration that Allied is obligated to defend Bliss Sequoia in connection with the Underlying Claim.

30. Bliss Sequoia is entitled to a declaration that Allied is obligated to indemnify Bliss Sequoia in connection with the Underlying Claim.

31. Bliss Sequoia is entitled to recover its attorneys' fees and costs from Allied pursuant to ORS 742.061.

## COUNT II:
## BREACH OF CONTRACT

32. Bliss Sequoia repeats and re-alleges the allegations in the preceding paragraphs.

33. The Policy is a valid, enforceable contract between Bliss Sequoia and Allied.

34. Bliss Sequoia has satisfied all of the Policy's applicable terms, conditions, and requirements, including payment of premium.

//

//

35. In the alternative, Allied waived any right to insist upon compliance with the Policy's terms, conditions, or requirements and any right to contest coverage.

36. Under the Policy's terms, Allied must defend and indemnify Bliss Sequoia in connection with the Underlying Claim.

37. Allied breached the Policy by denying coverage for the Underlying Claim and refusing to acknowledge its obligation to defend Bliss Sequoia.

38. Allied also breached the Policy by wrongfully denying its obligation to provide indemnification in connection with the Underlying Claim.

39. Bliss Sequoia has been damaged by Allied's wrongful refusal to provide coverage in connection with the Underlying Claim.

40. Allied is liable to Bliss Sequoia for damages caused by Allied's breach of the Policy.

41. Bliss Sequoia is entitled to recover its attorneys' fees and costs from Allied pursuant to ORS 742.061.

## V.  PRAYER FOR RELIEF

Bliss Sequoia requests the Court enter judgment as follows:

   a) Declare that Allied has an obligation to defend Bliss Sequoia in connection with the Underlying Claim;

   b) Declare that Allied has an obligation to indemnify Bliss Sequoia in connection with the Underlying Claim;

   c) Award compensatory damages because of Allied's breach of the Policy;

   d) Award pre-judgment and post-judgment interest at the maximum legal rate;

//

//

      e)      Awards attorneys' fees and costs under ORS 742.061; and

      f)      Award such other relief that is just and proper.

Dated: February 14, 2020

s/ Cody Hoesly
Cody Hoesly, OSB No. 052860
choesly@lvklaw.com
LARKINS VACURA KAYSER LLP
121 SW Morrison Street, Suite 700
Portland, OR  97204
Telephone: (503) 222-4424

Syed S. Ahmad *(to be admitted pro hac vice)*
sahmad@huntonAK.com
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Ave. NW
Washington, DC 20037
Telephone: (202) 955-1500

Rachel E. Hudgins *(to be admitted pro hac vice)*
HUNTON ANDREWS KURTH LLP
Bank of America Plaza, Suite 4100
600 Peachtree Street NE
Atlanta, GA 303008
Telephone: (404) 888-4100

*Counsel for Plaintiffs Bliss Sequoia Insurance & Risk Advisors, Inc. and Huggins Insurance Services, Inc.*