FOR THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BLISS SEQUOIA INSURANCE & RISK ADVISORS, INC.; and HUGGINS INSURANCE SERVICES, INC., | Case No. 6:20-cv-00256-MC |
| Plaintiffs, | |
| v. | OPINION AND ORDER |
| ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

_____

MCSHANE, Judge:

Plaintiffs Bliss Sequoia Insurance & Risk Advisors, Inc., and Huggins Insurance Services, Inc. (collectively, "Bliss Sequoia") and Defendant Allied Property & Casualty Insurance Company ("Allied") move for summary judgment to determine whether Allied has a duty to defend Bliss Sequoia against claims brought by Bliss Sequoia's insured. Because the underlying complaint against Bliss Sequoia does not state a claim that would be covered by its general liability policy, Allied has no duty to defend. Allied's motion for summary judgment, ECF 21, is GRANTED.

## BACKGROUND

The facts in this case are undisputed. Bliss Sequoia purchased a general liability policy from Allied. The policy contained a clause that provided coverage for "any sums that the insured becomes legally obligated to pay because of 'bodily injury[.]'" Williams Decl. Ex. A, 4, ECF No. 22-1. Bliss Sequoia is the only named insured. Compl. Ex D, 20, ECF No. 1.

1 – OPINION AND ORDER

Bliss Sequoia, an insurance company, had a waterpark as a client. In 2014, the waterpark "communicated with Bliss to obtain on behalf of the water park professional risk management advice from [Bliss Sequoia] in order to obtain a professional opinion from qualified and competent risk management and insurance specialists, regarding the kind and amount of insurance that would be sufficient and adequate to insure the water park . . . ." Compl. Ex. C, 3. After a young boy was seriously injured at the waterpark, his family sued the waterpark. During that action, the waterpark discovered Bliss Sequoia had sold it woefully inadequate insurance. The waterpark sued Bliss Sequoia for misrepresentation and professional negligence. Compl. Ex. A-B. During settlement negotiations with the family, the waterpark assigned its claims against Bliss Sequoia to the family.[1] The family brought its own third-party complaint against Bliss Sequioa. Compl. Ex. C.

None of the underlying complaints allege conduct by Bliss Sequoia that resulted in bodily injury. Instead, the complaints allege breach of fiduciary duty, professional negligence, negligent misrepresentation, implied and/or equitable indemnity, and contribution. Compl. Ex. A, 9-15. The only remaining claims are for professional negligence and negligent misrepresentation. Compl. Ex. C, 5-9. Plaintiffs in the underlying action allege that the claims arise from "insufficient and substandard risk management and insurance brokerage advice and recommendations given by [Bliss Sequoia]." Compl. Ex. A, 9; Ex. B, 7; Ex. C, 5. Far from alleging any bodily injury caused by Bliss Sequoia, the complaints allege the boy's injuries were "caused by a lack of adequate lifeguards at the water park at the time of the near drowning of [the boy]." Compl. Ex. C, 5. Bliss Sequoia turned to Allied to defend and indemnify it against the family's claims. When Allied denied coverage, Bliss Sequoia filed this action.

---

[1] The family and the waterpark entered into a stipulated judgment in favor of the family in the amount of $49,000,000. Compl. Ex. C, 5.

2 – OPINION AND ORDER

**STANDARDS**

The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (quoting Fed. R. Civ. P. 56(e)).

**DISCUSSION**

An insurer's duty to defend arises if the complaint alleges any claim that the policy covers. *W. Hills Dev. Co. v. Chartis Claims, Inc.,* 360 Or. 650, 653 (2016). To determine whether a complaint against the insured alleges a covered claim, Oregon courts use the "'four-corners' rule" and "compar[e] the complaint to the insurance policy" *Id.* This rule mandates that–unless there is a question as to whether a Plaintiff was an additional insured–courts determine the duty to defend by reviewing only the complaint and the policy. *Id.* at 653-54. If a claim is ambiguous but could possibly be covered by the policy, then the insurer has a duty to defend, so long as that claim remains operative. *Id.* at 664; *Certain Underwriters at Lloyd's London & Excess Ins. Co., Ltd. v. Mass Bonding & Ins. Co.*, 235 Or. App. 99, 122 (2010). However, an

insurer has no duty to defend when the complaint "allege[s] only conduct that clearly falls outside the coverage of the policy." *W. Hills Dev. Co.*, 360 Or. at 663.

As noted, the policy provides that Allied "will pay those sums . . . that [Bliss Sequoia] becomes legally obligated to pay as damages because of 'bodily injury[.]'" Compl. Ex. D, 71. Here, the parties agree that "because of" means "by reason of" or "on account of." Although the parties agree on the definition of "because of," they disagree as to the object of the phrase. Bliss Sequoia argues that it now faces liability "by reason of" a child's injuries, whereas Allied argues that Bliss Sequoia now faces liability not "by reason of" a child's injuries, but "by reason" of its professional conduct in recommending inadequate insurance coverage. As discussed below, the Court agrees with Allied.

As noted, the complaints in the underlying action state the following causes of action, alleging specific facts to support each: breach of fiduciary duty, professional negligence, negligent misrepresentation, implied and/or equitable indemnity, and contribution. As alleged in the complaints, each claim arises because "of the insufficient and substandard risk management and insurance brokerage and recommendations given by [Bliss Sequoia]." Compl. Ex. A, 9; Compl. Ex. B, 9; Compl. Ex. C, 5. The complaint does not allege any other conduct by Bliss Sequoia, the only named insured.

The underlying claims against Bliss Sequoia are analogous to those brought against the insured in *Holman Erection Co., Inc. v. Employers Insurance of Wausau,* 142 Or. App. 224 (1996). There, the insured's subcontractor brought a breach of contract claim against the insured for failing to procure appropriate insurance to indemnify the insured. *Id.* at 228. The subcontractor had been sued by an employee who was injured on the job. *Id.* at 227. The contract between the insured and subcontractor had provided that the insured would obtain insurance to

4 – OPINION AND ORDER

protect the subcontractor against such claims, but the insured had neglected to do so. *Id.* The insured tendered defense of the action to the insurer, who declined coverage. *Id.* The insured then sued its insurer, alleging that the insurer had a duty to defend under the general liability policy. *Id.* The policy stated that "[The insurer] will pay those sums that the insured becomes legally obligated to pay because of 'bodily injury' . . . ." *Id.* at 229. The Court of Appeals held that the insurer did not have a duty to defend because the insured's liability was because of breach of contract and not because of bodily injury as outlined in the policy. *Id.* at 231.

Here, as in *Holman*, a third party, not the insured, was legally liable for another's bodily injury. As in *Holman*, Bliss Sequoia represented to the third party that the third party would be indemnified against such claims. As in *Holman*, the third party was not indemnified against such claims due to either negligent or intentional omissions by Bliss Sequoia. As in *Holman*, Bliss Sequoia is legally liable for damages not because of bodily injury, but because of its own own negligent or intentional omissions. As in *Holman*, Bliss Sequoia's insurance policy provided coverage for "sums that the insured becomes legally obligated to pay because of 'bodily injury[.]'" Compl. Ex. D, 71. The *Holman* court concluded:

> [The insured's] second argument is that defendant had a duty to defend in it in the [subcontractor's] lawsuit based on [the insured's] failure to procure insurance for [the subcontractor]. As we understand it, [the insured's] argument is that when [the subcontractor] tendered the defense of the [injured employee's] lawsuit to [the insured] under the indemnity agreement in the subcontract, [the insurer] had a duty to defend. [The insured] is incorrect. [The subcontractor] brought suit against [the insured] claiming damages for breach of contract, contending that due to [the insured's] failure to procure insurance as it had agreed to do in the subcontract, [the subcontractor] had to defend and pay claims that otherwise would have been insured. [The insurer's] policies only provided coverage for "bodily injury" and "property damage." Thus, the trial court did not err, [the insurer] had no duty to defend.

*Holman.* 142 Or. App. at 231 (footnote omitted).

So too here, the Court finds that the damages sought from Bliss Sequoia are not because of bodily injury but are sought because of Bliss Sequoia's poor performance of its contract. After all, the complaints allege the boy's injuries were "caused by a lack of adequate lifeguards at the water park at the time of the near drowning of [the boy]." Compl. Ex. C, 5. Bliss Sequoia, however, was not involved in the waterpark's daily operations. As Bliss Sequoia was not involved in the decisions regarding the appropriate number of lifeguards, it cannot be "legally obligated" to pay damages for any bodily injury caused by inadequate staffing of lifeguards. Instead, Bliss Sequoia's liability arises solely from its own negligence in providing professional services to the waterpark. *See* Compl. Ex. C, ¶ 17 ("As a result of the insufficient and substandard risk management and insurance brokerage advice and recommendations given by [Bliss Sequoia] as mentioned herein, [the waterpark] and its members were unable to fund a settlement that would have brought the instant litigation to an end and protect[] them from exposure to financial calamity."). The underlying complaints clarify that any damages Bliss Sequoia owes the waterpark are not "because of" bodily injury, but rather "[a]s a result of [Bliss Sequoia's] breach of the professional standards of care" which left the waterpark "grossly underinsured in the circumstances." Compl. Ex. C ¶¶ 21-22. Stated differently, if "[the family] prevails on its claims [against Bliss Sequoia], it will be compensated for [the waterpark's] 'economic harm' not for any 'bodily injury.'" *Great Am. Assurance Co. v. PCR Venture of Phoenix, LLC*, 2014 WL 11497799, at 4 (D. Az.). As the underlying complaint "allege[s] only conduct that clearly falls outside the coverage policy," Allied has no duty to defend. *W. Hills Dev. Co.*, 360 Or. at 663.

Bliss Sequoia argues that its situation is analogous to that of plaintiffs in a string of opioid cases where courts have found a duty to defend.[2] However, these opioid cases do not turn on an expansive reading of the phrase "because of," as Bliss Sequoia asserts, but rather on a common sense understanding of interrelated events. In each of these cases, the underlying litigation against the insured seeks compensation incurred for economic harms tied to the opioid epidemic. The plaintiffs in the underlying litigation, often governmental agencies, have experienced damages, such as increased morgue and addiction-treatment costs, because of the opioid epidemic. The defendants are opioid distributors.

There, courts have a found a duty to defend because, although the plaintiffs in the underlying litigation were seeking damages for economic harms, those harms were causally connected to bodily injuries caused by the insured's acts or omissions.[3] There is no such causal connection between the bodily injury here and the actions or omissions of Bliss Sequoia. Absent such a connection, the court does not find these cases instructive.

Whether an insurer has the duty to indemnify is a question separate from whether it has a duty to defend. *W. Hills Dev. Co.*, 360 Or. at 652. Here, the parties agreed at oral argument that without a duty to defend, there is no duty to indemnify. The Court agrees.

/ / / /

/ / / /

/ / / /

/ / / /

---

[2] *Cincinnati Ins. Co. v. H.D. Smith LLC*, 829 F.3d 771 (7th Cir. 2016), *Rite Aid v. ACE Am. Ins. Co.*, 2020 WL 5640817, N19C-04-150 EMD CCLD (Del. Super. Ct. Sept. 22, 2020). *But see Cincinnati Ins. Co. v. Richie Enters. LLC*, 2014 WL 3513211, No. 1:12-CV-00186-JHM-HBB (W.D. Ky. July 16, 2014).

[3] *See Rite Aid*, 2020 WL 6540817 at 16 (agreeing that the damages in the underlying litigation were because of bodily injury because "there is arguably a causal connection between [the insured's] alleged conduct and the bodily injury suffered . . . and the damages suffered by the governmental entities . . . .").

7 – OPINION AND ORDER

Case 6:20-cv-00256-MC    Document 46    Filed 10/05/20    Page 8 of 8

## CONCLUSION

Allied's motion for summary judgment (ECF No. 21) is GRANTED. Bliss Sequoia's motion for summary judgment (ECF No. 23) is DENIED.

IT IS SO ORDERED.

DATED this 5th day of October, 2020.

                                                                     /s Michael McShane  
                                                      Michael J. McShane  
                                                      United States District Judge

8 – OPINION AND ORDER